

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John E. Taylor
Chief Supervisor
Oil & Gas Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2253
Re: Whether the Railroad Commission
may permit the use of gas for
light and fuel purposes in gas
lift operations where in excess
of ten thousand cubic feet per
barrel of oil are used for such
operations.

We have your letter of April 15, 1940, in which you
ask our opinion with reference to the following facts:

An operator desires permission to use approximately
25,000 cubic feet of gas per barrel of oil in gas lift opera-
tions. The Commission has determined that under the facts
it is necessary to use this amount of gas in order to produce
the oil, considering the amount of water that has to be pro-
duced with the oil, and that the well probably will be aban-
doned if it cannot be produced by gas lift. After the gas is
used in the gas lift operation, it will be recovered in an
oil and gas separator and delivered to a pipe line for use
for light and fuel purposes. The gas which will be used is
sweet gas from a gas well.

In your letter you refer to the provisions of sub-
section 4 of Section 7 of Article 6008 of Vernon's Annotated
Civil Statutes, which reads as follows:

"Any producer of either sweet or sour gas or casing-
head gas may use the same as gas lift in the bona fide
production of oil where such gas is not used in excess of
ten thousand (10,000) cubic feet per barrel of oil produced;
provided that in order to prevent waste in any case where
the facts in such case warrant it, the Commission may permit
the use of additional quantities of gas to lift oil, pro-
vided all such gas so used in excess of ten thousand (10,000)
cubic feet for each barrel of oil shall be processed for
natural gasoline and the residue burned for carbon black.

Honorable John E. Taylor, Page 2.

"when same is reproduced."

In view of the provisions of Article 6008 quoted above, you ask our opinion with reference to the following question:

"May the commission permit the use of either sweet, sour or casinghead gas in gas lift operations in excess of 10,000 cubic feet per barrel of oil produced where such gas, after having been used in such gas lift operations, is recovered at the wellhead and utilized for light and fuel purposes?"

Our answer to your question is that the Railroad Commission may permit the use of sweet, sour, or casinghead gas in gas lift operations in excess of 10,000 cubic feet per barrel of oil produced, where such gas, after having been used in such gas lift operations, is recovered at the wellhead and utilized for light and fuel purposes.

The answer to your question depends upon the construction of Subsection 4 of Section 7 of Article 6008, referred to above; that is, whether the Legislature, in saying that excess gas, after being used for gas lift, shall be used for the manufacture of natural gasoline and carbon black, intended that such excess gas can be used for no other purpose. We do not believe that it was intended by the last clause of this subsection to require that gas, which might be used originally for light and fuel purposes, must, after being utilized for gas lift, be used only for the manufacture of natural gasoline and carbon black. We believe that such construction would apply the rule of _expresio unius_ contrary to the general intention of the statute, as manifested in other provisions of Article 6008. It is well settled that the rule of _expresio unius_ should be applied only to aid in the effectuation of the legislative intent. See 39 Tex. Juris. 188; compare Danciger Oil & Refining Company v. Railroad Commission, 49 S. W. (2d) 837.

Section 7 of Article 6008 undertakes to state the purposes for which the various kinds of gas can be used. The first permissible use of sweet gas is for light or fuel. (See Subsection 1(a) of Section 7, Article 6008.) Sweet gas cannot usually be used for carbon black, but, if its natural gasoline is extracted, the residue must be returned to the horizon from which it is produced. (See Subsection 1(d) of Section 7, Article 6008). On the other hand, sour gas may be used for all of the purposes for which sweet gas may be used, and also for the manufacture of carbon black. (See Subsection 2 of Section 7, Article 6008). Casinghead gas may be used "for any beneficial purpose, which includes the manufacture of natural gasoline." (See Subsection 3 of Section 7, Article 6008.)

It is evident from Article 6008 that the Legislature regarded the use of gas for light or fuel as being its highest or most valuable use from the social point of view and that the Legislature for this reason most severely restricted the use of sweet gas, which is especially adapted to use for light or fuel. Compare Henderson Company v. Thompson, 300 U. S. 258, 264. In providing that sweet, sour or casinghead gas may be used for gas lift and that the excess over 10,000 cubic feet of gas per barrel of oil "shall be processed for natural gasoline and the residue burned for carbon black," the Legislature was merely providing that in this exceptional instance, the residue, even in the case of sweet gas, could be burned for carbon black, instead of being returned to the horizon from which it is produced, which would ordinarily be the rule as to sweet gas under the provisions of Subsection 1(d), Section 7, Article 6008. In other words, the intention of the Legislature in this particular instance was to relax the rule against the use of sweet gas for the manufacture of carbon black, and not to prohibit the use of residue gas for any other less wasteful, lawful purpose. We believe that the provisions of Subsections 1 through 3, Section 7, Article 6008, which permit the original use of sweet, sour or casinghead gas for light or fuel, are applicable in this instance to permit the use of residue gas for light or fuel, after the gas has been utilized for gas lift.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By James P. Hart

James P. Hart
Assistant

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN

JPH:AMM

APPROVED MAY 18, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS